**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Newport News Division

| | |
|---|---|
| IN RE R&B CORPORATION OF VIRGINIA d/b/a CREDIT CONTROL CORPORATION, DATA SECURITY BREACH LITIGATION | Case No. 4:23-cv-66 (Consolidated) |

## SCHEDULING ORDER

Pursuant to Fed. R. Civ. P. 16(b), the following shall govern proceedings in this matter. If any conflict is perceived between this Order and either the federal or local rules, this Order shall control. Any matters not addressed by this Order shall be governed by the Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the Eastern District of Virginia.

Unless otherwise specified, any deadline established herein shall be governed by Fed. R. Civ. P. 6. For purposes of Fed. R. Civ. P. 6(d), all electronically filed documents shall be deemed electronically served regardless of additional service by any other means. Only the Court, by order, may approve extensions of time.

**I.    Trial Date**

A **10-day jury trial** is scheduled to commence at **10:00 a.m.** on **August 26, 2024**, at the courthouse in Newport News.

**II.   Joinder and Motions to Amend the Pleadings**

Any motion for joinder of additional parties shall be filed not later than **two weeks after the date of this Order**.

Any motion to amend pleadings shall be filed in accordance with Fed. R. Civ. P. 15(a).

### III. Discovery

All discovery, including depositions taken for presentation in evidence in lieu of the appearance of a witness at trial, shall be completed on or before **June 17, 2024**. Fact discovery shall close on **April 22, 2024.**

Unrepresented parties may request to subpoena witnesses for depositions or trial, but such requests must be accompanied by a memorandum containing the name and address of each witness and the purpose of each proposed witness's testimony. Any unrepresented party's request for a witness subpoena must be approved in advance of issuance by a judge or magistrate judge of this court. Such approval shall not preclude any witness from contesting a summons.

The party that obtains material through discovery, including expert discovery, is responsible for preserving such material and delivering it to the Court if any party seeks to use the material or if the Court orders it filed.

In accordance with Fed. R. Civ. P. 5(d), depositions; interrogatories; requests for production; requests for admission; requests for disclosure of expert information; expert disclosures; and answers, responses, or objections to such discovery requests shall not be filed with the Court unless and until they are used in a proceeding or the Court orders that they be filed. The Clerk will discard any discovery improperly filed, without notice to counsel.

### IV. Expert Testimony

The party with the burden of proof upon the primary issue to which proposed expert evidence is directed shall identify its proposed expert witnesses on or before **April 8, 2024**. Expert disclosures shall include the name, business address, occupation, and field of expertise of each proposed witness. The parties are advised that they may rely upon the testimony of only one expert per discipline, except by order of the Court.

The party with the burden of proof upon the primary issue to which proposed expert evidence is directed shall disclose written reports pursuant to Fed. R. Civ. P. 26(a)(2)(B) on or before **May 6, 2024**. Disclosures intended solely to respond to, contradict, or rebut evidence on the same subject matter disclosed by another party pursuant to Fed. R. Civ. P. 26(a)(2)(B) shall be made on or before **May 20, 2024**. Any sur-rebuttal disclosure by the proponent of an expert witness shall be made on or before **June 3, 2024,** and shall not include addition of any new proposed expert witness. Further rebuttal to proposed expert evidence shall be permitted only by leave of the Court.

Any motion challenging expert testimony based upon *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and its progeny shall be filed not later than **July 1, 2024**. Any response to such a motion shall be filed not later than **ten calendar days** after the filing of the motion, and any reply shall be filed not later than **three calendar days** thereafter.

V.  **Dispositive Motions**

Whether to rule on dispositive motions is a matter for the Court's discretion. Any dispositive motions, including summary judgment motions, must be filed on or before **July 1, 2024**. In accordance with E.D. Va. Civ. R. 7(F), a brief must accompany any dispositive motion or response thereto. Briefs may not exceed the page limits set by E.D. Va. Civ. R. 7(F)(3) without an order of the Court.

Counsel filing a dispositive or partially dispositive motion against an unrepresented party must comply with the notice requirements of E.D. Va. Civ. R. 7(K).

All pleadings and motions filed with the Court must contain the nine-element signature block of counsel of record. Local counsel are required to sign all pleadings and motions. *See* E.D. Va. Civ. R. 83.1(F) (counsel's responsibilities).

VI. **Pretrial Disclosures**

Pretrial disclosures required by Fed. R. Civ. P. 26(a)(3) shall be delivered to all counsel and unrepresented parties not later than **five weeks** before trial and filed with the Court at the final pretrial conference as part of the final pretrial order. Any objections to such disclosures shall be disclosed to all counsel and unrepresented parties not later than **four weeks** before trial. Any unresolved objections will be heard at the final pretrial conference. Failure to timely object to Fed. R. Civ. P. 26(a)(3) disclosures shall constitute a waiver of the right to object.

Wherever this Order requires disclosure to counsel or unrepresented parties (as opposed to the Clerk), facsimile or email transmission during normal business hours on the due date, accompanied by simultaneous service by mail, shall be considered timely.

With the exception of rebuttal or impeachment evidence, any material whose disclosure is required by Fed. R. Civ. P. 26(a)(3) that is not disclosed timely and incorporated in the proposed final pretrial order shall be excluded from trial.

## VII. Non-Dispositive Motions

All non-dispositive motions, including all motions in limine (but excluding *Daubert* motions, *see* "Expert Testimony," *supra*) shall be filed not later than **four weeks** before trial. The brief in opposition to such a non-dispositive motion shall be filed not later than **six days after such a motion is filed**. The reply brief in support of such a non-dispositive motion, if any, shall be filed not later than **four calendar days** after a brief in opposition is filed. The parties are referred to the requirements of E.D. Va. Civ. R. 7(E), which are incorporated herein by reference.

## VIII. Attorneys' Conference

A conference shall be held in the office of counsel for plaintiff or, if the plaintiff is unrepresented, at the office of counsel for the defendant whose office is located closest to the courthouse at Newport News not later than **two weeks** before the final pretrial conference. Counsel and unrepresented parties shall meet in person and confer for the purpose of reviewing the pretrial disclosure required by Fed. R. Civ. P. 26(a)(3), preparing stipulations, and marking the exhibits to be included in the final pretrial order.

## IX. Final Pretrial Conference

A final pretrial conference will be held on **August 16, 2024, at 11:00 a.m.**, at the courthouse in Norfolk. The Honorable Jamar K. Walker will preside.

Not later than **one week** before the final pretrial conference, the parties shall jointly file a proposed final pretrial order to the Court. The proposed order shall be endorsed by counsel and shall set forth all resolved and disputed matters related to trial evidence issues.

The proposed final pretrial order shall be broken into the following sections: (1) Stipulated Facts, (2) Legal and Evidentiary Stipulations (including jurisdiction and venue), (3) List of Proposed Witnesses by Party, (4) Exhibits (including identification of those exhibits to which there is no objection), (5) Factual Contentions as set forth by each party, and (6) Triable Issues (set forth by each party separately if appropriate).

While preparation of the proposed final pretrial order shall be the responsibility of all counsel and unrepresented parties, counsel for the plaintiff—or, if the plaintiff is unrepresented, counsel for the first-named defendant—shall distribute a proposed final draft to all other counsel and

unrepresented parties not later than **ten days** before the final pretrial conference.

Unresolved objections shall be noted in the proposed final pretrial order, but disagreements concerning the content of the final draft shall be resolved before the final pretrial conference, at which time the parties shall present a complete and endorsed proposed final pretrial order. Failure to comply with the requirements of this paragraph may result in the imposition of sanctions pursuant to Fed. R. Civ. P. 16(f).

X.  *Voir Dire*

Jury *voir dire* proposed by any party shall be filed not later than **one week** before trial. The parties are encouraged to submit a statement that succinctly summarizes the position of each party for use by the Court during *voir dire*.

XI.  **Jury Instructions**

Counsel for all parties shall jointly electronically file proposed jury instructions, including all requested standard instructions not later than **five business days** before trial. The submission shall include each proposed jury instruction (regardless whether agreed or objected to) fully set forth on a separate page, with a citation in support of the instruction set forth below each proposed instruction. The submission shall be organized as follows: First, the parties shall tender the agreed proposed instructions (labeled "J-1," "J-2," etc.), including any special interrogatory verdict form. Second, the parties shall tender any of the plaintiff's proposed instructions to which a defendant objects (labeled "P-1," "P-2," etc.). Third, the parties shall tender any defendant's proposed instructions to which a plaintiff objects (labeled "D-1," "D-2," etc.). Counsel shall also provide a copy of all requested jury instructions in Word format to chambers via email.

Any party that opposes a proposed jury instruction shall submit a memorandum in opposition to the instruction not later than **three calendar days** after filing of the proposed instructions. Such memorandum shall be no longer than ten pages. The objecting party shall set forth the nature of the dispute, any authority on the issue, and any alternative proposed instruction. The party proposing the disputed instruction(s) may submit a memorandum in support of the proposed instruction(s) not later than **four calendar days** after filing of the proposed instructions.

### XII. Proposed Exhibits

Any party objecting to a proposed exhibit should provide the Court a copy of the exhibit via email contemporaneously with the proposed final pretrial order.

Not later than **one business day** before trial, each party shall submit to the Clerk three sets of pre-marked, indexed copies of that party's exhibits for use by the Court during trial proceedings and by the jury during its deliberations.

### XIII. Pretrial Briefs

The parties are encouraged to file pretrial bench briefs on material issues expected to arise at trial. However, because they do not seek a remedy, pretrial briefs may not substitute for motions in limine. Instead, pretrial briefs serve as a vehicle for counsel to educate the Court about potential trial issues. If counsel elects to file a pretrial brief, it must be filed not later than **five business days** before trial and shall be no longer than ten pages.

### IX. Courtroom Technology

All exhibits shall be presented at trial via electronic courtroom technology. The courtroom is equipped with a document viewer that displays evidence on monitors located on counsel tables, on the bench, and in the jury box. Any party who wishes to use courtroom technology during a proceeding should submit a Request to Use the Court's Evidence Presentation System form and confer with the Courtroom Deputy not later than **ten calendar days** before the proceeding. The Court expects all parties using courtroom technology to conduct a test run before any proceeding.

The parties may use personal laptop computers to aid in their presentation of evidence, but the Court does not provide laptops. More information on the Court's technological capabilities can be found at: http://www.vaed.uscourts.gov/evidence-presentation-system.

Any party wishing to bring personal electronic devices, including a laptop or cell phone, to a proceeding should submit a Request for Authorization form to the Courtroom Deputy not later than **three business days** before the proceeding. While in the courthouse, all devices should be turned off (not on silent or vibrate mode) unless in use for court-related matters.

### XIV. Attorneys' Fees

Any motion for an award of attorneys' fees will be addressed after trial, pursuant to Fed. R. Civ. P. 54 and E.D. Va. Civ. R. 54 (if fees are treated as

costs by statute or rule). Such motions shall be governed by applicable statutory and decisional law and must be accompanied by a brief. A party moving for attorneys' fees must submit an affidavit or declaration itemizing time spent on the case and describing the work done and the hourly rate of the person billing the case. In addition, a movant must submit an affidavit or declaration from an expert establishing the reasonableness of the fees.

## XV. Communications with Chambers

*Ex parte* communications with chambers are strongly discouraged and should be limited to scheduling questions and similar clerical matters. All other requests and communications should be made via filings on the public docket.

## XVI. Settlement

The parties are **ORDERED** to schedule a settlement conference with the Honorable Robert J. Krask, by contacting Brittney Titus at (757) 222-7228. The settlement conference shall take place not later than **one week** before the final pretrial conference.

If the parties agree upon a settlement, counsel for one of the parties shall immediately notify the Court by electronically filing a notice of settlement. If an endorsed notice of dismissal is not filed not later than **eleven days** after receipt of the notice of settlement, the Court may enter an order dismissing the case with prejudice and retaining jurisdiction to enforce the settlement.

\* \* \*

The Clerk is **DIRECTED** to send a copy of this Order to all counsel of record and to any party not represented by counsel.

**IT IS SO ORDERED**.

/s/
Jamar K. Walker
United States District Judge

Newport News, Virginia
November 27, 2023