## UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| **In Re R&B Corporation of Virginia d/b/a Credit Control Corporation, Data Security Breach Litigation** | Case No. 4:23-cv-00066-JKW-RJK<br><br>**JUDGE JAMAR K. WALKER** |

## ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND NOTICE PLAN

This matter comes before the Court on Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement and Notice Plan ("Motion"). The Court has reviewed the Motion and the Class Action Settlement Agreement and Release ("Agreement") entered into by Plaintiffs and Defendant R&B Corporation of Virginia d/b/a Credit Control Corporation ("Defendant"), and it finds that the Motion should be **GRANTED.**[1]

1.      The Court does hereby preliminarily and conditionally approve, for settlement purposes, the following Class:

> All natural persons whose Personal Information was compromised in the Data Security Incident. Excluded from the Settlement Class are: (1) the judges presiding over the Action and members of their immediate families and their staff; (2) R&B, its subsidiaries, parent companies, successors, predecessors, and any entity in which R&B or its parents, have a controlling interest, and its current or former officers and directors; (3) natural persons who properly execute and submit a Request for Exclusion prior to the expiration of the Opt-Out Period; and (4) the successors or assigns of any such excluded natural person.

2.      The Settlement provides a non-reversionary $1,613,300.45 Settlement Fund from which, after the reduction of payments for Settlement Administration costs and expenses, Class Counsel's attorneys' fees and expenses, and any Class Representative Service Award, the

---

[1] Unless otherwise stated, all capitalized terms used in this Order shall have the same meanings as set forth in the Settlement Agreement.

following Settlement benefits will be paid from the Settlement Fund to Class Members who submit valid and timely Claim Forms:

    a. Compensation for documented out-of-pocket losses or expenses that are fairly traceable to the Data Incident, up to $2,000; or

    b. Monetary flat-rate payments to all individuals submitting a Valid Claim, the exact amount of which shall be determined to extinguish the funds remaining in the Settlement Fund after the payment of all approved fees, expenses, service awards, and claims for out-of-pocket losses or expenses.

3.    Based upon information provided: the Class is ascertainable; it numbers approximately 731,744 individuals, satisfying numerosity; there are common questions of law and fact, including whether Defendant's data security incident (the "Data Security Incident") potentially compromised Plaintiffs and Class Members' Private Information, satisfying commonality; the proposed Class Representatives' claims are typical, in that they are members of the Class and alleges that she received notice from Defendant that their Private Information was potentially compromised in Defendant's Data Security Incident, thereby alleging they have been damaged by the same conduct as other Class Members; the proposed Class Representatives and Class Counsel will fully, fairly and adequately protect the interests of the Class; questions of law and fact common to members of the Class predominate over questions affecting only individual members for settlement purposes; and a nationwide class for settlement purposes is superior to other available methods for the fair and efficient adjudication of this controversy.

4.    The Court finds that the Representative Plaintiffs Christina Pearson, Shiree Lackland, Stephanie Moxley, Douglas Monson, Merrette Blake, Jason Powers, and Michele Van Moppe will likely satisfy the requirements of Fed. R. Civ. P. 23(e)(2)(A) and are appointed as Class Representatives.

5.      The Court finds that Proposed Class Counsel Bryan L. Bleichner of Chestnut Cambronne PA, Benjamin F. Johns of Shub & Johns LLC, and Gary M. Klinger of Milberg Coleman Bryson Phillips Grossman LLC will likely satisfy the requirements of Fed. R. Civ. P. 23(e)(2)(A) and are appointed as Class Counsel pursuant to Rule 23(g)(1).

6.      The Court appoints Kroll, LLC as Settlement Administrator.

7.      The Court does hereby preliminarily approve the Settlement, including the notices and releases contained therein as being fair, reasonable, and adequate as to the Class Members, subject to further consideration at the Fairness Hearing described below. In making this determination, the Court has considered the benefits to the Settlement Class, the specific risks faced by the Settlement Class in prevailing on Plaintiffs' claims, the stage of the proceedings at which the settlement was reached, the effectiveness of the proposed method for distributing relief to the Settlement Class, and the proposed manner of allocating benefits to Settlement Class Members. The Court has also considered all the factors required by Fed. R. Civ. P. 23(e)(2)(A)-(D) and finds that each factor has been satisfied. The proposal demonstrates that the class representatives and counsel adequately represented the class, the parties negotiated at arm's length, the relief is adequate, and the proposal treats class members equitably.

8.      A Final Approval Hearing shall be held on **January 15, 2025, at 11:30 am** at the courthouse in Newport News for the following purposes:

a.  To determine whether the proposed Settlement on the terms and conditions provided for by the Agreement is fair, reasonable, and adequate to the Class and should be approved by the Court;

b.  To determine whether a Final Approval Order, as defined in the Agreement, should be entered;

c.  To determine whether the claims process under the Settlement is fair and reasonable, and it should be approved by the Court;

d.   To determine whether Plaintiff's application for Attorneys' Fees and Expenses, and requested Service Awards for the Class Representative, should be approved; and

e.   To rule upon such other matters as the Court may deem appropriate.

9.      Plaintiffs' Motion for Final Approval shall be filed at least thirty (30) days before the Final Approval Hearing.

10.     The Court approves, as to the form and content, the Summary Notice, Long Form Notice, and Claim Form, and finds that the mailing, distribution, and publishing of the various notices in the form and manner set forth in the Settlement Agreement meets the requirements of Fed. R. Civ. P. 23 and due process, and is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled to notice.

11.     The Complaint was commenced after February 18, 2005. The Court directs Defendant to timely notify, through the Settlement Administrator, the appropriate Federal and State officials under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 (to the extent this has not already been done). Counsel for Defendant or the Settlement Administrator shall, at or before the Final Approval Hearing, file with the Court proof of compliance with the Class Action Fairness Act of 2005, 28 U.S.C. §1715.

12.     The Claim Form submitted by each Class Member must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding subparagraph.

13.     As part of the Claim Form, each Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted and shall (subject to effectuation of the Settlement) release all Released Claims as provided in the Agreement.

14. All Class Members shall be bound by all determinations and judgments in the class action concerning the Settlement, including, but not limited to, the releases provided for in the Agreement, whether favorable or unfavorable, except those who timely and validly requested exclusion from the Class and have not opted back in. The persons and entities who timely and validly requested exclusion from the Class will be excluded from the Class and shall not have rights under the Agreement, shall not be entitled to submit any Claim Forms, and shall not be bound by the Agreement or the Final Approval Order as to Defendant in the Class Action.

15. Pending final determination of whether the Agreement should be approved, Class Counsel, Plaintiffs, and Class Members are barred and enjoined from commencing or prosecuting any action asserting any Released Claims against Defendant.

16. Any Class Member may enter an appearance, individually or, at their own expense, through counsel of their choice, in which case counsel must file with the Clerk of Court and deliver to Class Counsel and counsel for Defendant a notice of such appearance no later than forty (46) days after the Notice Date. If they do not enter an appearance, they will be represented by Class Counsel.

17. Any Class Member may appear and show cause, if that Class Member has any reason why the proposed Settlement should not be approved as fair, reasonable, and adequate, or why Class Counsel's application for an award of attorneys' fees and for reimbursement of expenses should not be granted; provided, however, that no person shall be heard or entitled to contest such matters unless that person has delivered by hand or sent by first class mail sufficient written objections and copies of all papers and briefs any such person wishes to submit in support

of any such objection delivered or post-marked no later than forty-six (46) days following the

Notice Date to the following:

United States Courthouse for the Eastern District of Virginia
2400 West Avenue
Newport News, VA 23607

18.     Objections may also be filed using the Court's ECF filing system, so long as such

objections are filed within forty-six (46) days of the Notice Date.

19.     Any written objection shall include: (i) the objector's full name and address; (ii)

the case name and docket number, *In Re R&B Corporation of Virginia d/b/a Credit Control

Corporation, Data Security Breach Litigation,* Case No. 4:23-cv-00066-JKW-RJK (E.D. Va.);

(iii) information identifying the objector as a Class Member, including proof that the objector is a

member of the Class (e.g., copy of the objector's settlement notice, copy of original notice of the

Data Incident, or a statement explaining why the objector believes they are a Class Member); (iv)

a written statement of all grounds for the objection, accompanied by any legal support for the

objection the objector believes applicable; (v) the identity of any and all counsel representing the

objector in connection with the objection; (vi) a statement whether the objector and/or their counsel

will appear at the Final Fairness Hearing; and (vii) the objector's signature or the signature of the

objector's duly authorized attorney or other duly authorized representative (if any) representing

him or her in connection with the objection.

20.     Any person who does not make an objection in the manner provided in this Order

shall be deemed to have waived such objection and shall forever be foreclosed from making any

objection to the fairness or adequacy of the proposed Settlement as set forth in the Agreement,

unless otherwise ordered by the Court. Any papers in response to any such objections or in further

support of the above-named motions shall be filed no later than fourteen (14) days before the Final

Approval Hearing.

21.     Class Members may also exclude themselves from this action by mailing a written notice of such intent to the designated Post Office box established by the Settlement Administrator (which shall be identified in the settlement notices). To be effective, the written notice must be timely, signed, and clearly manifest the Person's intent to opt-out of the Class. Such notices of a Class Member's intent to opt-out of the settlement must be postmarked no later than sixty-nine (69) days after the Notice Date. This Order, the Agreement, and the Settlement, and any of their terms, and all negotiations, discussions, and proceedings in connection with this Order, the Agreement, and the Settlement, shall not constitute evidence, or an admission by Defendant that any acts of wrongdoing have been committed and shall not be deemed to create any inference that there is any terms, and all negotiations, discussions and proceedings in connection with this Order, the Agreement and the Settlement shall not be offered or received in evidence or used for any purpose in this or any other proceeding in any court, administrative agency, arbitration tribunal, or other forum of any kind of character in the United States or any other country except as necessary to enforce the terms of this Order or the Settlement.

22.     In addition to the deadlines imposed above, the Settlement Administrator and Parties shall abide by the following timeline:

| From Date this Order is Entered | |
|---|---|
| Defendant provides list of Class Members to the Settlement Administrator | +7 days |
| Long and Short Notices Posted on the Settlement Website | +14 days |
| Defendant pays cost of Notice Program and Claims Administration from the Settlement Fund | +14 days |
| Notice Date | +21 days |
| Class Counsel's Motion for Attorneys' Fees, Reimbursement of Litigation Expenses, and Class Representative Service Award | +60 days |
| Objection & Exclusion Date | +91 days |
| Claims Deadline | +91 days |
| Settlement Administrator Provide List of Objections/Opt-Outs to the Parties' counsel | +97 days |

23.    The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to the Class Members and retains jurisdiction to consider all further applications or matters arising out of or connected with the proposed Settlement. The Court may approve the Settlement, with such modifications as may be agreed to by the Plaintiffs and Defendant, if appropriate, without further notice to the Class.

**IT IS ORDERED.**

July 12, 2024

_____ /s/ _____
**THE HONORABLE JAMAR K. WALKER
UNITED STATES DISTRICT COURT JUDGE
FOR THE EASTERN DISTRICT OF VIRGINIA**